IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLAS ALFONSO PADRON (BOP Register No. 44575-177), | § § § § § | |
| Plaintiff, | | |
| V. | § § | No. 3:18-cv-1151-B-BN |
| J. MICHAEL STAPLETON, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action filed by Nicolas Alfonso Padron, a federal inmate, against a federal agent – implicating *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) – has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

**Applicable Background, Legal Standards, and Analysis**

"Padron pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to unlawfully distribute hydrocodone outside the scope of professional practice and without a legitimate medical purpose," and he was sentenced "to 87 months of

imprisonment," a "sentence to run consecutively to a previously imposed 57-month federal sentence for a healthcare fraud conviction." *United States v. Padron*, 631 F. App'x 250, 250-51 (5th Cir. 2016) (per curiam); *see United States v. Padron*, No. 3:12-cr-211-M (01) (N.D. Tex.), *aff'd* 631 F. App'x 250 (5th Cir.), *cert. denied*, 136 S. Ct. (2016).

He brings this *Bivens* action against a special agent with the U.S. Department of Health and Human Services's Office of Inspector General, claiming that the agent gave "false evidence to the probation officer and government with statements that were patently untrue." Dkt. No. 3 at 1. This challenge appears to be related to information the agent provided that was included in Padron's presentencing report. *See id.* at 3-4.

Claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). "The *Heck* court held that a civil tort action, including an action under -JCHsection 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles

for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

"*Heck* applies equally to *Bivens* actions." *Atencio v. United States*, No. 15-659 JCH/SCY, 2017 WL 467264, at *3 (D.N.M. Oct. 1, 2017) (citing *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 460 (6th Cir. 2006)), *rec. adopted*, 2018 WL 801528 (D.N.M. Feb. 9, 2018).

And, where, like here, the underlying sentence has not been invalidated, *Heck* also bars civil suits based on allegedly incomplete or improper presentencing reports. *See, e.g., Jamison v. Lenawee Cty. Probation Dep't*, No. 2:14-CV-13995, 2014 WL 6810409, at *2 (E.D. Mich. Dec. 2, 2014) ("Plaintiff's complaint challenges his present incarceration. He argues that he was sentenced based upon information improperly included in a presentence investigation report. The complaint necessarily challenges the validity of Plaintiff's sentence.... Because Plaintiff has not achieved a favorable termination of his criminal case, this complaint is barred by *Heck*."); *Brady v. Baldwin*, No. 17-cv-1203-NJR, 2018 WL 3496499, at *2 (S.D. Ill. June 20, 2018) ("In this case, Plaintiff argues he was unfairly sentenced based on an incomplete PSI. The PSI was allegedly incomplete because certain officials failed to release Plaintiff's mental health records, and Plaintiff is attempting to bring constitutional claims against those officials. Given this backdrop, a judgment in Plaintiff's favor would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding." (collecting cases)).

### Recommendation

The Court should dismiss this action with prejudice to the claims raised in the amended complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE